RACHEL L. McCLINTOCK, SB# 262006
  E-Mail: Rachel.McClintock@dinsmore.com
BRIANA KUTINSKY, SB# 340723
  E-Mail: Briana.Kutinsky@dinsmore.com
DINSMORE & SHOHL LLP
550 S. Hope Street, Suite 1765
Los Angeles, California 90071
Telephone: 213.335.7736

Attorneys for Defendants,
WALMART INC. and WAL-MART
ASSOCIATES, INC. (Erroneously named
Wal-Mart, Inc.)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LETICIA ESPINOZA, an individual,<br><br>          Plaintiff,<br><br>     vs.<br><br>WAL-MART, INC., a Delaware Corporation, WAL-MART ASSOCIATES, INC. a Delaware corporation; SERGIA DOE, an individual; and DOES 1 through 50, inclusive,<br><br>          Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL**<br><br>Dept.: TBD<br>Judge: TBD<br>Complaint Filed: April 10, 2024<br>Trial Date:          Not Yet Set |

Walmart Inc. and Wal-Mart Associates, Inc. (hereinafter "Defendants"), by counsel and pursuant to 28 U.S.C. sections 1331, 1332, 1441, and 1446, hereby give notice of the removal of the above-styled action to this Court. In support of its Notice of Removal, Defendants state as follows:

/ / /

/ / /

/ / /

/ / /

/ / /

1
**NOTICE OF REMOVAL**

## I.    THE STATE COURT ACTION

1.    On April 10, 2024, Plaintiff Leticia Espinoza ("Plaintiff") filed a complaint against Defendants in the Superior Court of Los Angeles, California in the matter entitled *Leticia Espinoza v. Wal-Mart, Inc., a Delaware Corporation, et al.,* Case No. 24STCV08948 (the "State Court Action"). (Declaration of Briana J. Kutinsky ["Kutinsky Decl."] ¶ 4, **Exhibit A** [Complaint]).

2.    While Defendants contend that the allegations in Plaintiff's Complaint lack merit, Plaintiff alleges the following causes of action against Defendants: (1) Disability Discrimination [Cal Gov. Code § 12940, et seq.]; (2) Failure to Provide Reasonable Accommodation [Cal Gov. Code § 12940, et seq.]; (3) Failure to Engage in Good Faith Interactive Process [Cal Gov. Code § 12940, et seq.]; (4) Retaliation [Cal Gov. Code § 12940, et seq.]; (5) Failure to Permit Use of Available Sick Leave [Labor Code §§ 233 and 244]; and, (6) Wrongful Termination [in violation of public policy]. Plaintiff also alleged a seventh cause of action for Tortious Interference with Employment Relationship against Defendant Sergia Doe only. (**Ex. A**).

3.    On May 7, 2024, Defendants filed an Answer to the Complaint, preserving their affirmative defenses. (Kutinsky Decl. ¶ 13, **Exhibit J** [Answer]).

4.    In accordance with 28 U.S.C. § 1446(a), in addition to the Complaint (**Ex. A**), and Answer (**Ex. J**), the state court action contains the additional process, pleadings and orders: Civil Case Cover Sheet (Kutinsky Decl. ¶ 5, **Exhibit B**); Summons (Kutinsky Decl. ¶ 6, **Exhibit C**); Alternate Dispute Resolution Packet (Kutinsky Decl. ¶ 7, **Exhibit D**); Notice of Case Assignment – Unlimited Civil Case (Kutinsky Decl. ¶ 8, **Exhibit E**); Proof of Personal Service (Kutinsky Decl. ¶ 9, **Exhibit F**); Proof of Personal Service (Kutinsky Decl. ¶ 10, **Exhibit G**); Notice of Case Management Conference (Kutinsky Decl. ¶ 11, **Exhibit H**);Order to Show Cause Failure to File Proof of Service (Kutinsky Decl. ¶ 12, **Exhibit I**).

//

//

5.      To Defendants' knowledge, the pleadings, process and orders attached as **Exhibits A through J** constitute all process, pleadings, and orders filed in the state court action. *See* 28 U.S.C. § 1446(a).

6.      Defendants were served with, and actually received copies of the State Court Action on April 11, 2024, within thirty (30) days of this Notice of Removal.

7.      Defendant Sergia Doe is the only other named Defendant. However, Sergia Doe has not been served. 28 U.S.C. § 1441(b)(2).

8.      To the best of Defendants' knowledge, although fictitious "Doe" Defendants are listed on the Complaint, no other defendants have been properly named or served with the Complaint. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

## II.      REMOVAL PROCEDURES AND VENUE

9.      This Notice of Removal ("Notice") is timely filed under 28 U.S.C. § 1446(b). Specifically, Defendants filed this Notice within 30 days of the service of the Complaint, and less than one year from the commencement of this action pursuant to 28 U.S.C. § 1446(b)(3).

10.      In accordance with 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the filing of this Notice to Plaintiff.

11.      Pursuant to 28 U.S.C § 1446(d), Defendant will also file a duplicate copy of this Notice with the Clerk of the Superior Court for Los Angeles, California.

12.      In accordance with 28 U.S.C. § 1446(b), venue is properly placed in the United States District Court for the Central District of California – Western Division because it is the district court for the district and division where the State Court Action is pending (Superior Court for the State of California, County of Los Angeles).

13.      Further, this action is not an action made non-removable by 28 U.S.C. § 1445(c).

/ /

/ /

**NOTICE OF REMOVAL**

### III.    BASIS FOR REMOVAL

### A. Complete Diversity of Citizenship

14.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction, as this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

15.    Plaintiff is an individual domiciled in the state of California. (Kutinsky Decl. ¶ 4, **Exhibit A** at p. 2, line 6-8). Therefore, based on Plaintiff's Complaint, Plaintiff was and is a citizen of the State of California when this action was filed in state court, at the time of removal, and at all other times throughout the pendency of this case, and is therefore a citizen of California within the meaning of 28 U.S.C. § 1332.

16.    For the purposes of diversity jurisdiction, a corporation is considered a citizen of both the state in which it is incorporated and the state in which its principal place of business is located. Defendants are both corporations incorporated in the state of Delaware with their principal place of business located in the state of Arkansas. Accordingly, Defendants are citizens of the state of Delaware and the state of Arkansas. (Kutinsky Decl. at ℙ 15, **Exhibit K;** Kutinsky Decl. at ℙ 16, **Exhibit L**).

17.    As Plaintiff is a citizen of California and Defendants are citizens of Delaware and Arkansas, complete diversity of citizenship between the parties exists. 28 U.S.C. § 1332(a). On information and belief, Defendants Walmart Inc. and Wal-Mart Associates, Inc. are the only defendants who have been served in the State Court Action. Although, on information and belief, Sergia Doe is a citizen of California, the so-called "forum defendant rule" does not bar removal here because Sergia Doe has not been "properly joined *and* served."  28 U.S.C. § 1441(b)(2) (emphasis added); see, e.g., *Dechow v. Gilead Scis., Inc.,* 358 F. Supp. 3d 1051, 1054, 2019 U.S. Dist. LEXIS 22049, *6 ("The text of § 1441(b)(2) is unambiguous. Its plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served."); *Colo. Seasons, Inc. v. Friedenthal*, 2020 U.S. Dist. LEXIS 84645,

*11 ("In light of the text of § 1441(b)(2) and the cases that have interpreted it, § 1441(b)(2) does not preclude the removal of an action in which a forum defendant has been named in the complaint, but has not yet 'properly joined and served.' A contrary interpretation would, in effect, either read 'served' out of the statute or read into it a requirement of a fact-intensive inquiry to determine whether there was a reasonable opportunity for service of the unserved defendant prior to removal."); *H.K. Cont'l Trade Co. v. Natural Balance Pet Foods*, 2023 U.S. Dist. LEXIS 53418, *10, 2023 WL 2664246 (§ 1441(b)(2) does not preclude the removal of an action in which a forum defendant has been named in the complaint, but has not yet 'properly joined and served'"); see also *Jacob v. Mentor Worldwide, LLC*, 393 F. Supp. 3d 912, 921, 2019 U.S. Dist. LEXIS 128989, *12-13, 2019 WL 3500325; *Zirkin v. Shandy Media, Inc.*, 2019 U.S. Dist. LEXIS 24540, *5-6, 2019 WL 626138. Additionally, the Second and Third Circuits have recently held that snap removal is permitted; see, e.g. *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704-07 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152-54 (3d Cir. 2018). The Fifth Circuit also agreed with the Second and Third Circuits. *See Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 486 (5th Cir. 2020).

18.    In determining whether a civil action is removable on the basis of jurisdiction arising under 28 U.S.C. § 1332, the citizenship of defendant sued under fictitious names, such as John Doe, is disregarded. See U.S.C. § 1332(b)(1).

### B. <u>Amount In Controversy</u>

19.    Based on the foregoing paragraphs, the requirement of complete diversity of citizenship is satisfied in this case.

20.    A cause of action may be removed where the defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2); *Matheson v. Progressive specialty ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003).

21.    Here, Plaintiff seeks, *inter alia*, general and special damages, punitive damages, attorneys' fees, and costs reasonably incurred. (Kutinsky Decl. ¶ 4, **Exhibit A** at p. 16, lines 8-20).

22.    Plaintiff claims she sustained substantial losses in earnings and other employment benefits. As for lost wages, Plaintiff alleges she was notified of her termination on or around April 13, 2022. (Kutinsky Decl. ¶ 4, **Exhibit A** at p. 3, line 23-24). Accordingly, she has been out of work for approximately two years and two weeks as of the time this Notice of Removal was filed. At the time of her termination, Plaintiff was earning approximately $15.28 an hour. (Kutinsky Decl. ¶ 17). Assuming Plaintiff has been unable to find comparable replacement work, Plaintiff's back pay to date could be as high as $64,787.20 in lost wages alone ($15.28 x 40 hours x 106 weeks). Plaintiff also claims loss of earning capacity.

23.    While Plaintiff has not specifically stated the amount of non-economic damages in her Complaint, Courts in the Central District have regularly found it appropriate to apply a 1:1 ratio of emotional distress damages relative to economic damages for purposes of calculating the amount in controversy requirement. *See Cotoc v. Dolex Dollar Express, Inc.*, 2021 U.S. Dist. LEXIS 161240, at * 15-16 (C.D. Cal. August 25, 2021) (applying a 1:1 ratio for non-economic damages for calculating amount in controversy in an employment action); *Cuevas v. Lowes Home Ctrs., LLC*, 2020 U.S. Dist. LEXIS 206629, at *14 (C.D. Cal. Aug. 5, 2020) (same); *Garfias v. Team Indus. Servs., Inc.*, 2017 U.S. Dist LEXIS 167370, at *12 (C.D. Cal. Oct. 10, 2017) (same).

24.    While Defendants dispute punitive damages are warranted, Plaintiff also seeks punitive damages. (Kutinsky Decl. ¶ 4, **Exhibit A** at p. 16, line 16).  While there is no maximum sum, punitive damages typically range from one to four times the amount of actual damages. *See Perez v. CarMax Auto Superstores Cal., LLC*, 2014 U.S. Dist. LEXIS 11130, at * 4-5 (S.D. Cal. Jan. 28, 2014) (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)). As such, Plaintiff's general

damages, special damages, and punitive damages exceed the amount in controversy requirements.

25.    Additionally, Plaintiff also requests attorneys' fees and costs. (Kutinsky Decl. ¶ 4, **Exhibit A** at p. 16, lines 18-19). Where the law entitles a plaintiff to recover reasonable attorney fees, "a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy." *See Brady v. Mercedez-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). Notably, this includes future attorneys' fees. *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 795 (9th Cir. 2018).

26.    Accordingly, based on the significant and varied alleged sources of damages above, Defendants assert in good faith that the total amount "at stake" for Plaintiff's claims exceeds $75,000.

27.    Consequently, this Court has original diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and this matter may be removed by Defendants pursuant to 28 U.S.C. § 1441(a).

## **RESERVATION OF RIGHTS**

28.    Defendants deny the allegations contained in Plaintiff's Complaint. Defendants file this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

29.    Further, in making the assertions in this Notice of Removal, Defendants do not concede in any way that Plaintiff has alleged causes of action upon which relief can be granted, that the allegations or inferences drawn therefrom are accurate, or that Plaintiff is entitled to recover any amounts sought.

30.    Defendants further reserve the right to amend or supplement this Notice of Removal as appropriate.

WHEREFORE, Defendants respectfully request that this action be removed to the United States District Court for the Central District of California, Western Division,

and the Superior Court of Los Angeles County proceed no further with respect to this action.

Respectfully submitted,

Dated:  May 7, 2024                    DINSMORE & SHOHL LLP

By: _____
Rachel L. McClintock
Briana J. Kutinsky
Attorney for Defendants,
WAL-MART ASSOCIATES, INC.
and WALMART INC.

8
**NOTICE OF REMOVAL**