JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-03809 PSG (PVCx) | Date | June 13, 2024 |
|---|---|---|---|
| Title | Leticia Espinoza v. Wal-Mart, Inc., *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Derek Davis | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order REMANDING case to Los Angeles County Superior Court.

On April 10, 2024, Plaintiff Leticia Espinoza filed a complaint in Los Angeles County Superior Court against Defendants Wal-Mart, Inc., Wal-Mart Associates, Inc, and Sergia Doe ("Defendants"). *See* Dkt. # 2-1 ("*Compl.*"). On May 7, 2024, Defendants Wal-Mart, Inc. and Wal-Mart Associates, Inc. (the "Wal-Mart Defendants") removed the case to this Court. *See* Dkt. # 1 ("*Removal*"). The Court now **REMANDS** the case to Los Angeles County Superior Court for lack of subject matter jurisdiction.

I. Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court—either by motion or *sua sponte*—if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991); *Washington v. United Parcel Serv., Inc.*, No. CV 09-01131 DDP (AGRx), 2009 WL 1519894, *1 (C.D. Cal. 2009). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-03809 PSG (PVCx) | Date | June 13, 2024 |
|---|---|---|---|
| Title | Leticia Espinoza v. Wal-Mart, Inc., *et al.* | | |

*Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

    Here, the Wal-Mart Defendants removed the case based on diversity jurisdiction. *See Removal* 4:1–5:20. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the $75,000 amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. 267, 267 (3 Cranch) (1806); 28 U.S.C. § 1332(a). Individuals are citizens of their state of domicile—i.e., the state where they reside and intend to remain indefinitely. *See Kanter v. Warner-Lambert, Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of every state in which it is incorporated and of the state where its principal place of business is located. *Hertz v. Friend*, 559 U.S. 77, 85, 88 (2010).

    II.    <u>Discussion</u>

    The Wal-Mart Defendants failed to meet their burden in establishing that removal is proper, as it appears the parties are not completely diverse in this suit. The Wal-Mart Defendants say that Plaintiff is a citizen of California. *Removal* 4:6–11. The Wal-Mart Defendants are corporations incorporated in the state of Delaware with principal places of business in Arkansas, making them citizens of Delaware and Arkansas. *See id.* 4:12–17. The Wal-Mart Defendants also concede that their co-defendant, Sergia Doe, is a citizen of California. *Id.* 4:22–23. The Wal-Mart Defendants nonetheless say there is complete diversity between the parties because Defendant Doe has not been properly served and joined. *Id.* 4:20–5:17. But Defendant Doe has filed an acknowledgment of service, *see* Dkt. # 12, and thus is a joined party. Because Plaintiff and Defendant Doe are both California citizens, there is not complete diversity and the Court lacks subject matter jurisdiction. Removal, therefore, was improper and the Court must remand the case.

    III.    <u>Conclusion</u>

    For the foregoing reasons, the Court **REMANDS** the case to Los Angeles County Superior Court.

    **IT IS SO ORDERED.**